Pratt, J.
No opinion was filed in the court below, but we are apprised by affidavit of appellant’s attorney that the proceedings were dismissed on the ground that the pre-. liminary affidavit did not show authority in the attorney to institute the proceeding.
The statute does not require proof of such authority. Miller v. Adams, 52 N. Y., 414.
If the officer to whom application for the order was made entertained doubt of the attorney’s right to act, he might reasonably have required evidence upon that point.
*859 But after jurisdiction had been properly exercised, an order to set aside for such supposed defect was erroneous.
The criticism made upon the preliminary affidavit in that it does not aver that F. C.Vitt is justice of the peace of "the town of Middletown,” is equally without merit.
The affidavit alleges that the judgment was recovered in the justice’s court in the town of Middletown. That would probably have been sufficient without specifying the name of the justice; but when the affidavit went further and recited that it was recovered before F. C. Yitt, justice of the peace, further particularity was uncalled for.
So it is said the affidavit does not disclose in whose favor the judgment was rendered. But as it appears that it was rendered against the defendant, and that there were but two parties to the action, a sole plaintiff and a sole defendant, the objection is clearly frivolous.
Objection is made that defendant is required to appear before the "judge of the county court of Eichmond county,” whereas the proper title of the officer intended is "county judge of Eichmond county.”
If the description of the person before whom defendant was required to appear was so uncertain that he could not be identified, that would be a fair answer to urge to a motion to punish defendant for contempt in failing to appear.
But no such vagueness could affect the jurisdiction of the court. For is it seen why any error in the order should not be at once corrected, and without costs.
Supplementary proceedings after judgment are meritorious and should be favored.
Sufficient strictness to prevent injustice is not misplaced, But a creditor who has not been guilty of bad faith should not be compelled to pay money to his debtor. Such costs as are granted against him should be deducted from the judgment.
Order reversed, with ten dollars costs and disbursements.
Barnard, P. J., and Dykman, J., concur.